IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ASHLEY N. WILLIAMS                                           PLAINTIFF

vs.                          Civil No. 2:15-cv-02198

CAROLYN W. COLVIN                                            DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Plaintiff, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration ("Commissioner") denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 1382. In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *see* 42 U.S.C. § 405(g).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 5).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed her disability application for SSI on November 21, 2012. (ECF No. 14, pg. 146). In her application, Plaintiff alleges being disabled due to sweaty hands. (ECF No. 14, pg. 150). Plaintiff alleges an onset date of November 21, 2012. (ECF No. 14, pg. 146). This

---

[1] The docket numbers and transcript pages for this case are referenced by the designation "ECF No. ___."

1

application was denied initially and again upon reconsideration.  (ECF No. 14, pgs. 55, 63).

Thereafter, Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted.  (ECF No. 14, pgs. 11, 85).  Plaintiff's administrative hearing was held on September 13, 2013 in Fort Smith, Arkansas.  (ECF No. 14, pgs. 27-53).  Plaintiff was present and was represented by her attorney, Matthew Ketcham.  *Id.*  Plaintiff and Vocational Expert ("VE") Jim Spragins testified at this hearing.  *Id.*  At this hearing, Plaintiff testified she was twenty-one (21) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c).  (ECF No. 14, pg. 30).  As for her level of education, Plaintiff reported she completed the tenth grade.  *Id.*

After this hearing, on April 8, 2014, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI.  (ECF No. 14, pgs. 12-23).  In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 21, 2012, her application date.  (ECF No. 14, pg. 17, Finding 1).  The ALJ determined Plaintiff had the following severe impairments: anxiety and depression.  (ECF No. 14, pg. 17, Finding 2).  Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (ECF No. 14, pgs. 17-18, Finding 3).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC").  (ECF No. 14, pgs. 18-22, Finding 4).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform:

> a full range of work at all exertional levels, but with the following non-exertional limitations: The claimant is able to perform work involving simple, routing, repetitive tasks; where interpersonal contact is incidental to the work performed; and

supervision is simple, direct, and concrete.

*Id.*

The ALJ determined Plaintiff had no Past Relevant Work ("PRW").  (ECF No. 14, pg. 22, Finding 5).  The VE testified at the administrative hearing regarding this issue.  (ECF No. 14, pgs. 49-51).  Based on Plaintiff's age, education, work experience, and RFC, the ALJ determined there were jobs existing in significant numbers in the national economy, such as a poultry production worker, which has a DOT code of 525.687-074, and is light unskilled work with an SVP of two (2) with five hundred ninety-six thousand (596,000) jobs in the national economy, and fifteen thousand (15,000) jobs in Arkansas; production assembly line worker, which has a DOT code of 706.687-010, and is light unskilled work with an SVP of two (2) with five hundred eighty three thousand (583,000) jobs in the national economy, and eleven thousand (11,000) jobs in Arkansas; and plastics molding machine tender, which has a DOT code of 556.685-022, and is light unskilled work with an SVP of two (2), with one hundred sixty-eight thousand (168,000) jobs in the national economy, and two thousand four hundred (2,400) jobs in Arkansas.  (ECF No. 14, pgs. 22-23, Finding 9).  Because jobs exist in significant numbers in the national economy which Plaintiff can perform, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from November 21, 2012 through the date of his decision. (ECF No. 14, pg. 23, Finding 10).

Thereafter, April 23, 2014, Plaintiff requested a review by the Appeals Council.  (ECF No. 14, pg. 11)).  The Appeals Council denied this request on August 11, 2015.  (ECF No. 14, pgs. 4-7).  On September 29, 2015, Plaintiff filed the present appeal with this Court.  (ECF No. 1).  The Parties consented to the jurisdiction of this Court on September 30, 2015.  (ECF No. 7).  This case is now ready for decision.

2.    **Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v.* Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id.*

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful

activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience.  20 C.F.R. § 416.920(a)(4).  Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity.  *see McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 416.920(a)(4)(v).

**3.   Discussion:**

In her appeal brief, Plaintiff raises two arguments for reversal: (1) the ALJ erred in concluding Plaintiff's chronic condition of Hyperhidrosis[2] was not a severe impairment; (2) and, the ALJ failed to make a proper credibility analysis.  (ECF No. 12).  Upon review of these claims, the Court agrees with Plaintiff's second argument and finds the ALJ improperly evaluated her subjective complaints.  Moreover, and in regard to Plaintiff's first argument, the ALJ failed to properly develop the record with regard to Plaintiff's chronic condition of Hyperhidrosis.  Finally, the ALJ failed to properly consider Plaintiff's diagnosis of Borderline Intellectual Functioning.

**A.   <u>Credibility Analysis:</u>**

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five

---

[2] The Gale Encyclopedia of Medicine defines hyperhidrosis as, "a disorder marked by excessive sweating.  It usually begins at puberty and affects the palms, soles, and armpits."  Carol A. Turkington, Rebecca J. Rfrey, & Laura Jean Cataldo, *Hyperhidrosis*, *in* THE GALE ENCYCLOPEDIA OF MEDICINE 2545-46 (Jacqueline L. Longe ed., 5th ed. Vol. 4. 2016).

factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

20 C.F.R. § 416.929.[3]  *see Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain;

(3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of

medication; and (5) the functional restrictions.  *see Polaski,* 739 at 1322.

    The factors must be analyzed and considered in light of the claimant's subjective complaints

of pain.  *see id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ

acknowledges and examines these factors prior to discounting the claimant's subjective complaints.

*see Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these

five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are

not entirely credible, the ALJ's credibility determination is entitled to deference.  *see id.*; *Cox v.*

*Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's

subjective complaints "solely because the objective medical evidence does not fully support them

[the subjective complaints]."  *Polaski,* 739 F.2d at 1322.

    When discounting a claimant's complaint of pain, the ALJ must make a specific credibility

determination, articulating the reasons for discrediting the testimony, addressing any

inconsistencies, and discussing the *Polaski* factors.  *see Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir.

1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *see Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *see Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present case, the ALJ did not comply with the requirements of *Polaski*. Instead of complying with *Polaski* and considering the *Polaski* factors, the ALJ acknowledged the existence of Plaintiff's subjective complaints, but dismissed them without discussion and only focused on Plaintiff's medical records for analysis. The ALJ stated:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

(ECF No. 14, pg. 20). The ALJ acknowledged Plaintiff's activities of daily living but offered no analysis as to how those activities compared with Plaintiff's subjective complaints or the objective medical evidence on the record. Moreover, the ALJ did not articulate any particular reasons for discounting her credibility of Plaintiff's subjective complaints.

The Court finds the ALJ's decision to discount Plaintiff's subjective complaints without a sufficient basis was improper under *Polaski*. *see Polaski*, 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted, "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided no valid reason for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**B.   <u>Failure to Develop the Record:</u>**

The ALJ has a duty to fully and fairly develop the record. *see Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995); *Freeman v. Apfel*, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true

when Plaintiff is not represented by counsel. *Payton v. Shalala*, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. *see* 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case. *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. *see Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995) ("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." *Matthews v. Bowen*, 879 F.2d 423, 424 (8th Cir. 1989). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." *Mans v. Colvin*, No. 13-CV-2103, 2014 WL 3689797 at *4 (W.D. Ark., July 24, 2014) (quoting *Battles v. Shalala*, 36 F.3d 43, 45 (8th Cir. 1994).

Plaintiff testified to the extent her hyperhidrosis impairment affected her ability to work and her activities of daily living. In summary, Plaintiff testified as follows: Her entire body frequently sweats. (ECF No. 14, pg. 34). She has to change clothes upward of five (5) times per day because her clothes become soaked with sweat. (ECF No. 14, pgs. 34, 36, 48). She cannot touch food, glass, a cellular phone, paper, or other people. (ECF No. 14, pg. 35). She cannot touch or hold her son or work in particular environments because Plaintiff could more easily become ill or she could more easily make her son ill. (ECF No. 14, pgs. 35, 37, 42-43, 48). Her mother does her laundry because she does not want to transfer her sweat onto all of her cleaned clothes. (ECF No. 14, pg. 39). She

8

was not allowed around the food when she worked in a restaurant.  (ECF No. 14, pg. 36, 43).  As a result she was assigned to clean constantly and, because of hyperhidrosis, the cleaning chemicals coming in contact with her skin made her skin irritated and made her ill.  (ECF No. 14, pg. 36).  Previous employers did not let her change into clean clothes after she sweat through one set, and one or more previous employers required a specific uniform.  (ECF No. 14, pg. 42, 43).  She has been terminated from employment because of her hyperhidrosis.  (ECF No. 14, pgs. 47-49).

Plaintiff was examined by Dr. Johnson on March 2, 2010, on referral regarding her hyperhidrosis impairment.  (ECF No. 14, pgs. 257-258).  Dr. Johnson diagnosed Plaintiff with primary focal hyperhidrosis.  (ECF No. 14, pg. 258).  He started Plaintiff on a trial of Dry-sol and advised her to follow-up in one (1) month.  *Id.*  Plaintiff testified the Dry-sol did not improve her condition and instead kept her skin wet instead of drying it.  (ECF No. 14, pg. 41).  She also stated she had tried other powders and liquids, and she also tried frequently washing her hands and drying them with a towel, all of which were unsuccessful.  (ECF No. 14, pg. 41).  Plaintiff asked Dr. Johnson about surgical treatment and mentioned a doctor in Little Rock she was interested in seeing. (ECF No. 14, pg. 258).  Dr. Johnson believed consulting with the Little Rock doctor was fine but did not give her a referral with an appointment. *Id.* Dr. Johnson did not perform a RFC assessment or otherwise examine whether Plaintiff's condition imposed any exertional or non-exertional limitations on her ability to perform basic work-like tasks.

Multiple people who have been present with Plaintiff and who are associated with the case at hand have personally witnessed the extent of Plaintiff's sweating.  The ALJ witnessed her sweat glistening on her skin from across the room during her hearing, despite the temperature in the room being comfortable and appropriate.  (ECF No. 14, pg. 34-35).  Dr. Carlson noted Plaintiff's sweaty

hands during his examination on December 17, 2012. (ECF No. 14, pgs. 260, 262). Dr. Spray noted Plaintiff's sweaty hands during his examination on October 29, 2013. (ECF No. 14, pg. 270). Despite Plaintiff's testimony and eyewitness reports by two doctors and the ALJ himself, the ALJ improperly dismissed Plaintiff's claim with regard to her hyperhidrosis impairment without fairly and fully developing the record.

Finally, Plaintiff provided testimony regarding her inability to acquire indigent or low cost healthcare. (ECF No. 14, pgs. 42, 44-45). Economic justifications for lack of treatment can be relevant to a disability determination.  A lack of funds may justify a failure to receive medical care. *Osborne v. Barnhart,* 316 F.3d 809, 812 (8th Cir. 2003).   However, a lack of funds alone will not excuse a Plaintiff's failure to obtain treatment or follow medical advice.   During the hearing, the ALJ took note that multiple organizations providing indigent or low cost healthcare do not treat one or more of Plaintiff's conditions.  (ECF No. 14, pg. 45).  Plaintiff presented a document indicating same, which Plaintiff's attorney intended to make a part of the record and the ALJ intended to inspect, but there is no indication the document was ever part of the record or that the ALJ inspected and considered that document. (ECF No. 14, pg. 45).  Moreover, one of the reasons the ALJ cites he was not persuaded Plaintiff was totally disabled was, "[s]he has had little medical treatment . . . and she was taking no medication at the time of either of her consultative examinations." (ECF No. 14, pg. 22).  The ALJ's reliance on Plaintiff's lack of treatment and medication and simultaneous dismissal, without reasoned consideration, of Plaintiff's testimony and other evidence was improper.

Accordingly, because the ALJ failed to fully and fairly develop the record with regard to Plaintiff's hyperhidrosis impairment and her inability to acquire indigent or low cost healthcare, this case must be reversed and remanded.

### C.      Borderline Intellectual Functioning:

Our case law holds, "[a] diagnosis of borderline intellectual functioning should be considered severe when the diagnosis is supported by sufficient medical evidence." *see Nicola v. Astrue*, 480 F.3d 885, 887 (8th Cir. 2007) (citing *Hunt v. Massanari*, 250 F.3d 622, 625-26 (8th Cir. 2007)).  Dr. Spray indicated Plaintiff possessed a full scale IQ of 74 and diagnosed her with borderline intellectual functioning. (ECF No. 14, pgs. 271-72).  The ALJ acknowledged Dr. Spray's evaluation and afforded his opinion great weight, but gave no analysis as to why, despite Dr. Spray's findings, the ALJ determined Plaintiff's borderline intellectual functioning was a non-severe impairment. (ECF No. 14, pg. 21).  Moreover, while the ALJ found Dr. Spray's opinion "is consistent with a limitation to unskilled work," the ALJ is unclear as to whether his RFC determination incorporates Dr. Spray's diagnosis of borderline intellectual functioning, or only incorporates Dr. Spray's diagnosis of anxiety disorder or depression, conditions which the ALJ determined were severe impairments. *Id.*  Finally, because we do not know whether the ALJ fully incorporated Plaintiff's borderline intellectual functioning into the ALJ's RFC determination, it is unclear whether the ALJ formulated and presented a properly formatted hypothetical to the VE.

Accordingly, because the ALJ failed to consider Plaintiff's borderline intellectual functioning impairment throughout the sequential evaluation process, this case must be reversed and remanded.

### 4.      Conclusion:

Because I find the ALJ's decision to discount Plaintiff's subjective complaints without a sufficient basis was improper under *Polaski*, on remand, the ALJ is ordered to examine and apply the five factors from *Polaski* in light of Plaintiff's subjective complaints and make a specific

credibility determination articulating any reasons for discrediting the testimony and addressing any inconsistencies.

Because I find the record was underdeveloped with regard to Plaintiff's inability to acquire indigent or low cost healthcare, the ALJ is ordered to further develop the record with regard to same and reassess the weight given to Plaintiff's lack of treatment and medication history articulating any reasons Plaintiff's access to healthcare supports or detracts from her claim of total disability.

Because I find the record to be underdeveloped with regard to the limitations imposed by Plaintiff's hyperhidrosis impairment, on remand, the ALJ is ordered to obtain a consultative dermatology examination complete with an RFC assessment. The ALJ should ask specific questions concerning the impact of Plaintiff's hyperhidrosis impairment, if any, on her ability to carry, handle, hold, and finger objects. The ALJ shall also ask specific questions concerning environmental restrictions, if any, which may aggravate her impairments or cause any increased health risk to herself or others. The ALJ shall then reassess whether Plaintiff's hyperhidrosis impairment, alone ore in combination with her other impairments, significantly limits her physical or mental ability to do basic work activities and, if so, whether the impairment or combination of impairments is of a severity to meet or medically equal the criteria of an impairment in the Listings.

Because I find the ALJ failed to consider Plaintiff's borderline intellectual functioning impairment throughout the sequential evaluation process, the ALJ is ordered to reassess whether Plaintiff's borderline intellectual functioning impairment, alone or in combination with her other impairments, significantly limits her physical or mental ability to do basic work activities and, if so, whether the impairment or combination of impairments is of a severity to meet or medically equal the criteria of an impairment in the Listings.

With this evidence, the ALJ shall then re-evaluate Plaintiff's RFC and include any limitations supported by the record in a hypothetical question posed to a vocational expert to determine whether Plaintiff can perform jobs that exist in significant numbers in the national economy.

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 20th day of September 2016.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

13